FILED '06 FEB 16 17:02 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MAIL BOXES, ETC., INC., a                    Civ. No. 06-6027-AA
Delaware corporation,
                                             OPINION AND ORDER
       Plaintiff,

   v.

SANFORD INDUSTRIES, INC., an
Oregon corporation, IRENE
SANFORD and GENE SANFORD,

       Defendants.
_____

Robert L. Aldisert
Stephen M. Feldman
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209
    Attorneys for plaintiff

Stuart M. Brown
Gordon & Rees LLP
1001 S.W. Fifth Ave., Suite 1100
Portland, OR 97204


1    - OPINION AND ORDER

M.D. Scully
Amy M. Darby
Gordon & Rees, LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Mail Boxes Etc. (MBE) filed suit alleging trademark infringement in violation of 15 U.S.C. § 1114(1) and common law claims of unfair competition and breach of contract. MBE's claims arise from the alleged termination of a franchise agreement between the parties. MBE moves for a temporary restraining order (TRO) enjoining defendants from using MBE's trademarks and requiring them to comply with post-termination provisions of the franchise agreement. In turn, defendants move for dismissal based on improper venue.

On February 15, 2006, the court heard oral argument on MBE's motion for TRO and defendants' motion to dismiss. MBE's motion is denied, and defendants' motion is granted.

## BACKGROUND

According to the allegations in the complaint, MBE is a Delaware corporation with its principal place of business in San Diego, California. MBE claims to be the largest franchisor of independently owned and operated postal, packaging, and business communication and service centers. Defendant Sanford Industries, Inc. is an Oregon corporation with its principal place of business in Florence, Oregon, and defendants Gene and Irene Sanford are

individuals who reside in Oregon.

On or about April 13, 1994, Mail Boxes Etc. USA, Inc. and Sanford Industries entered into a written franchise agreement under which Sanford Industries was granted a franchise to operate an MBE Center in Florence, Oregon for a ten-year term. Gene and Irene Sanford executed guarantees under which they personally guaranteed the performance of Sanford Industries as required by the franchise agreement. MBE subsequently was assigned Mail Boxes Etc. USA, Inc.'s rights and obligations under the franchise agreement.

MBE alleges that under the terms of the franchise agreement, defendants expressly acknowledged MBE's exclusive right to its trademarks. Further, MBE alleges that defendants agreed that they would cease holding themselves out as franchisees of MBE and cease using MBE's trademarks upon termination of the franchise agreement, and that they would assign the business telephone numbers, fax numbers and e-mail addresses for their MBE Center to MBE upon termination of the franchise. Defendants also allegedly agreed that they would not associate with or operate a competing business within fifty miles of their franchise or other MBE Centers for a period of two years. See Complaint, p. 6.

Defendants are two of approximately 150 plaintiffs that filed suit in Los Angeles County, California against MBE and its parent company, United Parcel Service (UPS). Declaration of M.D. Scully, p. 1. Defendants originally filed suit against MBE in San Diego

County, California pursuant to a forum selection clause contained in the franchise agreement, and their action was consolidated with the class action lawsuit filed in Los Angeles. Id. at p. 2.

During the pendency of the Los Angeles litigation, MBE apparently agreed to several extensions of defendants' franchise agreement. On December 16, 2005, MBE sent defendants a letter offering a renewal of their franchise agreement upon execution of a "The UPS Store" franchise agreement. See Declaration of Mark Engelstad (Engelstad Decl.) Ex. D, p. 1.[1] MBE argues that defendants did not renew their franchise by executing this franchise agreement form, and that defendants' franchise agreement terminated by its terms on January 31, 2006.

On February 6, 2006, less than one week after the franchise agreement allegedly terminated, MBE filed this action and moved for a TRO and preliminary injunctive relief.

## DISCUSSION

MBE argues that defendants have continued to operate under the MBE trademark as an MBE Center since the termination of the franchise agreement, and that defendants have violated their post-termination obligations contained in the franchise agreement. MBE

---

[1] Apparently, MBE no longer offers franchises under the MBE trademark and instead offers franchises under the brand "The UPS Store." Defendants claim that MBE's offer of renewal requires that they renew their franchise under the UPS brand and also contains significant changes to the terms and conditions of their original franchise agreement. Defendants maintain that MBE has thus violated the terms of the franchise agreement.

4   - OPINION AND ORDER

moves for a TRO enjoining defendants from using the MBE marks or any marks that are confusingly similar to MBE's and from competing with MBE within a five-mile radius for a period of two years. See Memorandum of Law in Support of Motion for TRO, p. 16. MBE further requests that defendants be required to: assign the telephone and fax numbers and internet and e-mail address of their MBE franchise to MBE; return MBE's proprietary equipment, operating manuals, and other confidential information; return all stationary and other materials bearing MBE logos and marks; account and pay to MBE all gain profits and advantages derived as a result of defendants infringement of the MBE marks. Id. at pp. 17-18. Finally, MBE seeks damages and attorney's fees. MBE alleges that it has no adequate remedy at law, and that unless enjoined, defendants will continue to use and infringe the MBE marks and cause irreparably injury MBE's business identity, goodwill, and reputation.

Defendants argue that MBE's motion should be denied and the case dismissed. Defendants maintain that the franchise agreement between the parties is governed by a forum selection clause requiring all actions arising out of the franchise agreement to be brought in San Diego, California, thus rendering venue in this court improper for resolution of MBE's claims and request for injunctive relief. See Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996) (a motion to dismiss based on a forum-selection clause should be treated "as a Rule 12(b)(3) motion

to dismiss for improper venue"). Further, defendants argue that MBE cannot show a likelihood of success on the merits or irreparable harm, emphasizing that they have renamed their business "Florence Shipping Solutions" and no longer use the MBE marks.

Section 19.09 of the franchise agreement contains the following forum selection clause:

> The parties hereby consent that venue and jurisdiction <u>for all actions enforcing and/or arising out of this agreement</u> shall be litigated in the City of San Diego, County of San Diego, State of California, USA, to the exclusion of the courts of any other state or county.

Engelstad Decl., Ex. A, p. 36 (emphasis added). Based on this unambiguous language and the fact that MBE's claims and requested injunctive relief arise out of and seek to enforce the franchise agreement, venue in this court is clearly improper. Nevertheless, MBE cites <u>Hendricks v. Bank of Am.</u>, 408 F.3d 1127 (9th Cir. 2005) for the proposition that a forum selection clause does not affect jurisdiction for purposes of injunctive relief. MBE's reliance on <u>Hendricks</u> is misplaced and unpersuasive.

In <u>Hendricks</u>, the plaintiffs entered into a shareholder agreement that contained a forum selection clause requiring all disputes arising under the agreement to be "resolved exclusively by the courts of Bermuda." 403 F.3d at 1132. Nevertheless, the plaintiffs filed suit in federal district court in Illinois alleging fraud, misrepresentation, conspiracy, breach of contract, RICO violations and negligence, with all claims arising out of the

6 - OPINION AND ORDER

defendants' duties under the shareholder agreement. Id. Subsequently, the district court in Illinois dismissed the plaintiffs' claims against most defendants, finding that the forum selection clause precluded the filing of suit in federal district court. Id.

The plaintiffs also brought an action in the Central District of California against a third party, Bank of America, seeking injunctive relief to prevent a defendant in the Illinois case from drawing down on a letter of credit posted by the plaintiffs and in the possession of Bank of America. Id. The plaintiffs relied on a California statute that permits "'a court of competent jurisdiction [to] temporarily . . . enjoin' a bank from honoring a letter of credit." Id. at 1139 (quoting Cal. Com. Code § 5109(b)).

The Ninth Circuit found that the forum selection clause in the shareholder agreement did not preclude the plaintiffs' action against Bank of America in federal court. Instead, the court agreed with the plaintiffs' contention that the scope of the applicable forum selection clause did not "extend to actions designed to preserve assets pending a judgment on the merits in the contractually selected forum." Id. at 1138. The court explained:

> In this case, the forum selection clause manifests the parties' consensus to litigate the *merits* of any dispute concerning the Shareholder Agreement in Bermuda. <u>But the case before us is not about the agreement itself or its validity</u>. On the contrary, there is no indication from either the agreement or the record, that the parties intended to limit proceedings <u>to obtain prejudgment security</u> to that forum.

7   - OPINION AND ORDER

Id. (brackets, quotation marks, and citations omitted) (underline emphasis added).

Unlike the plaintiffs in Hendricks, MBE does not seek to preserve a security interest in a particular asset held by a third party until defendants' compliance with the post-termination provisions of the franchise agreement is resolved "in the contractually selected forum." Rather, MBE's request for injunctive relief is based on defendants' alleged breach of the franchise agreement and unauthorized use of MBE's marks. Indeed, MBE seeks prohibitory and mandatory injunctive relief to explicitly enforce the post-termination provisions of the franchise agreement by requiring defendants to cease using MBE's marks, return all MBE policy and training manuals, and to assign all telephone and fax numbers and web and e-mail addresses to MBE. Therefore, MBE's claims and requested injunctive relief undeniably "arise out" of the franchise agreement.[2]

---

[2] Moreover, even if venue was proper, I do not find that MBE has shown a likelihood of success on the merits as to its trademark and unfair competition claims or irreparable injury as to any claim to support the injunctive relief sought. Defendants represent that they have ceased using MBE marks, and MBE does not contest this fact. Rather, MBE relies on two alleged uses of the MBE mark: 1) a "coupon" for $2 off shipping at Mail Boxes, Etc. in Florence found through the Florence "Added Value" link on Bi-Mart's internet web page; and 2) the telephone listing for Mail Boxes Etc. in the Florence telephone directory. I find neither of these so-called "uses" of the MBE mark is likely to create "consumer confusion." Comedy III Prods., Inc. v. New Line Cinema, 200 F.3d 593, 594 (9th Cir. 2000). Defendants' business is now named "Florence Shipping Solutions," and MBE does not contest defendants' assertion that no MBE Center is located in


Accordingly, the forum selection clause dictates that MBE's action must be filed in San Diego, and venue in this court is improper. For the reasons stated at oral argument, I find dismissal appropriate and decline to transfer this action to the federal district court in San Diego, California.

CONCLUSION

Plaintiff's motion for Temporary Restraining Order (doc. 3) is DENIED, and defendants' Motion to Dismiss (doc. 16) is GRANTED. Defendants' request for Rule 11 sanctions is DENIED. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 16 day of February, 2006.

                                      /s/ Ann Aiken
                                      Ann Aiken
                            United States District Judge

---

Florence or surrounding areas.