IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MAIL BOXES, ETC., INC., a                Civ. No. 06-6027-AA
Delaware corporation,

                                              OPINION AND ORDER
         Plaintiff,

     v.

SANFORD INDUSTRIES, INC., an
Oregon corporation, IRENE
SANFORD and GENE SANFORD,

         Defendants.
_____

AIKEN, Judge:

     Plaintiff Mail Boxes Etc. (MBE) filed suit alleging trademark

infringement in violation of 15 U.S.C. § 1114(1) and common law

claims of unfair competition and breach of contract.  MBE sought a

temporary restraining order (TRO) enjoining defendants from using

MBE's trademarks and requiring them to comply with post-termination

1    - OPINION AND ORDER

provisions of the franchise agreement between the parties.    On February 16, 2006, the court issued an order denying the motion and dismissing the case for lack of venue, based on a forum selection clause in the franchise agreement.

Defendants now move for an award of costs and attorney fees in defending plaintiff's motion.  Defendants rely on the attorney fee provision of the franchise agreement.    Section 19.05 of the franchise agreement provides:

> In the event legal action is instituted by any party to this Franchise Agreement to enforce the terms of this Agreement, or any claims arising out of the execution of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees.[1]

Plaintiff argues that defendants cannot seek attorney fees under any provision of the franchise agreement, because they relied on the forum selection clause to argue that this court was not the proper venue to resolve any claim relating to the franchise agreement.  Thus, because defendants' motion for attorney fees is based on the franchise agreement, plaintiff argues that defendants cannot seek fees in the venue they earlier argued was improper. See Penn, LLC v. New Edge Network, Inc., 2003 WL 22765048 (N.D. Ill. Nov. 20, 2003).  I am unpersuaded.

I do not find contradictory defendants' motion to enforce the forum selection provision of the franchise agreement and their

---

[1] Defendants also cite the Guarantee signed by individual defendants and the attorney fee provision contained therein.

request for attorney fees incurred in bringing the motion.    In
moving to dismiss, defendants argued that this court was not the
proper venue to resolve plaintiff's claims regarding defendants'
alleged violation of the franchise agreement.    Defendants do not
request that the court now interpret provisions relevant to
plaintiff's trademark or breach of contract claims; rather,
defendants ask that the court find them the prevailing party in
seeking enforcement of the forum selection clause and moving to
dismiss the case for improper venue.    Thus, if the court had
jurisdiction to interpret and enforce the forum selection clause,
it should retain jurisdiction to determine whether fees should be
awarded.    Indeed, as defendants point out, district courts retain
jurisdiction over motions for attorney fees and other "independent
proceeding[s] supplemental to the original proceeding." Cooter &
Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Moore v.
Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992).

        Plaintiff next argue that defendants were not prevailing
parties under applicable California law.    Plaintiff is correct that
the franchise agreement, including the attorney fees provision, is
governed by California law.    California Civil Code § 1717 provides:

>    In any action on a contract, where the contract
>    specifically provides that attorney's fees and costs,
>    which are incurred to enforce that contract, shall be
>    awarded either to one of the parties or to the prevailing
>    party, then the party who is determined to be the party
>    prevailing on the contract, whether he or she is the
>    party specified in the contract or not, shall be entitled
>    to reasonable attorney's fees in addition to other costs.

3    - OPINION AND ORDER

Cal. Civ. Code § 1717(a).  Generally, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract," and "[t]he court may also determine that there is no party prevailing on the contract for purposes of this section."  Id. § 1717(b)(1).  Finally, "[t]he court . . . shall determine who is the party prevailing on the contract . . . whether or not the suit proceeds to final judgment."  Id.

California courts have consistently ruled that although § 1717 does not require final judgment to be rendered to award fees, it "requires that there be some final disposition of the rights of the parties."  Lachkar v. Lachkar, 182 Cal. App.3d 641, 648 (1986); see also Hsu v. Abbara, 891 P.2d 804, 813 (Cal. 1995) (the prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." (citing Bank of Idaho v. Pine Avenue Assoc. 137 Cal. App.3d 5, 15 (1982)).

The court shares in defendants' frustration at incurring unnecessary expenses in this case where the parties' agreement clearly dictated the forum in which plaintiff could file suit. Further, plaintiff's motion for temporary restraining order was not based on defendants' actual use of plaintiff's mark but on an old coupon offered at a third party's website and a yellow pages telephone listing that did not reflect defendants' changed name and

4    - OPINION AND ORDER

logo.  Yet, despite the apparent inequity suffered by defendants, California law prohibits an award of attorney fees under § 1717 absent some resolution of the underlying contract claims.  Here, the court's Opinion and Order granting defendants' motion to dismiss did not resolve any substantive rights of the parties. Therefore, even though defendants successfully enforced the forum selection clause of the franchise agreement, they are not prevailing parties "on the contract" under California law.

Defendants also seek costs pursuant to 28 U.S.C. § 1920 and, presumably, Federal Rule of Civil Procedure 54(d)(1).  Rule 54(d)(1) allows costs "as of course to the prevailing party."  For the same reason that defendants are not entitled to attorney fees under § 1717, they are not entitled to costs under Rule 54(d).

<u>CONCLUSION</u>

Defendants' Motion for Attorney Fees (doc. 31) and Bill of Costs (doc. 29) are DENIED.

IT IS SO ORDERED.

Dated this ___1___ day of May, 2006.


_____/s/ Ann Aiken_____
            Ann Aiken
United States District Judge